Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| LUIS M. CABRERA MARTIN<br><br>Parte Recurrida<br><br><br>v.<br><br><br>RAÚL NORIEGA ROBLES<br><br>Parte Peticionaria | TA2025AP00176 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Guaynabo en Bayamón<br><br>Caso Núm.: OPA-2025-056657<br><br>Sobre: Violencia Doméstica Ley Núm. 54 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante *nos* Raúl A. Noriega Robles (Noriega Robles o parte peticionaria) mediante escrito intitulado *Petición de Certiorari* presentado el 28 de julio de 2025. Nos solicita que revisemos y revoquemos la *Orden de Protección* emitida al amparo de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada (8 LPRA sec. 601 *et seq.*), conocida como Ley para la Prevención e Intervención con la Violencia Doméstica, por el Tribunal de Primera Instancia (TPI), Sala Municipal de Guaynabo. Mediante la referida determinación, se le ordenó a Noriega Robles abstenerse de molestar, intimidar, amenazar o de cualquier forma interferir con Luis M. Cabrera Martín (Cabrera Martín o parte recurrida), así como de visitar o acercarse al hogar de la parte recurrida, entre otras instancias.[1]

---

[1] Cabe señalar que, a pesar de que se instó un recurso de *certiorari*, toda vez que se recurre de una orden de protección, la Secretaría de este Tribunal de Apelaciones asignó el mismo como apelación. Sin embargo, acogemos el mismo

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

**I.**

Este caso tiene su génesis, en una *Orden de Protección Ex Parte* expedida el 11 de junio de 2025 al amparo de la Ley Núm. 54 en contra de Noriega Robles. Conforme a ello, el foro primario emitió una citación, mediante la cual, ordenó la celebración de una vista a llevarse a cabo el 1ro de julio de 2025.

Culminada la audiencia, a la cual ambas partes comparecieron asistidas por representación legal, el TPI emitió la *Orden de Protección* recurrida. Mediante la misma, consignó las siguientes determinaciones de hechos:

> LAS PARTES TUVIERON RELACIÓN CONSENSUAL DURANTE EL TÉRMINO DE DOS AÑOS, APROXIMADAMENTE. PETICIONARIO TERMINÓ LA RELACIÓN EN ENERO DE 2024. PETICIONARIO DESCRIBIÓ AL PETICIONADO COMO CELOSO Y AGRESIVO, IMPULSIVO, PREMEDITADO Y FRÍO. ASEGURÓ QUE DURANTE LA RELACIÓN HUBO AMENAZAS, INSULTOS Y AGRESIONES FÍSICAS. TAMBIEN LE SEGUÍA Y ASECHABA. PETICIONADO EJERCE CONTROL SOBRE PETICIONARIO. AMENAZA DE QUE HARÍA PÚBLICA SU PREFERENCIA SEXUAL. PETICIONARIO SIENTE TEMOR POR SU SEGURIDAD. SE SIENTE ATERRADO. EL PETICIONADO LLEGÓ A UN LUGAR DONDE ESTABA EL PETICIONARIO; TENÍA UN MARTILLO EN SU POSESIÓN.

Así las cosas, el foro de instancia determinó que existían elementos para extender la orden de protección vigente hasta el 1ro de julio de 2027, es decir, por un período adicional de dos años. Mediante la referida orden, el tribunal ordenó que Noriega Robles se abstuviera de acercarse, molestar, intimidar, amenazar o de cualquier otra forma interferir con Cabrera Martín. Además, se le ordenó abstenerse de visitar y/o acercarse al hogar de la parte peticionaria y sus alrededores; el hogar de los familiares de la parte peticionaria y sus alrededores; el lugar de trabajo o el negocio de la

---

como *certiorari*. Se mantendrá el mismo alfanumérico asignado por cuestiones de economía procesal.

parte peticionaria o de los familiares; el vehículo de motor que utiliza la parte peticionaria, así como a realizar llamadas telefónicas y enviar mensajes de texto o de voz a los números telefónicos personales, de trabajo, de familiares y amigos de la parte peticionaria; de enviar correos electrónicos, cartas o facsímiles a Cabrera Martín y de tener contacto o interferir con este por conducto de cualquier red social. Por último, se le ordenó entregar a la Policía de Puerto Rico cualquier arma de fuego que estuviera en su posesión.

En desacuerdo con dicha determinación, el 28 de julio de 2025, la parte peticionaria compareció ante *nos* mediante *Petición de Certiorari* a la cual se le asignó el alfanumérico *TA2025AP001766* y alegó la comisión de los siguientes errores:

> **Cometió error el Tribunal de Primera Instancia al emitir una orden de protección, aún en el supuesto de que la misma pudiese emitirse, por el término de dos años, el cual es uno excesivo, irrazonable y por consiguiente ilegal.**
>
> **Cometió error el Tribunal de Primera Instancia al emitir una orden de protección excesivamente amplia que, a su vez, adolece de vaguedad, y que como consecuencia de lo anterior es ilegal.**

El 27 de agosto de 2025, pero notificada al día siguiente, emitimos una *Resolución* mediante la cual le concedimos, entre otras cosas, un término de veinte (20) días a la parte peticionaria para presentar la transcripción de la prueba oral, así como un término de treinta (30) días a la parte recurrida para presentar su memorando en oposición a la expedición del recurso, a contarse a partir desde que se acogiera la transcripción presentada.

El 9 de septiembre de 2025, Noriega Robles presentó la transcripción de la prueba oral. Por su parte, el 16 de octubre de 2025, Cabrera Martín instó una *Moción en Cumplimiento de Orden* mediante la cual informó haber revisado la transcripción de la prueba oral sometida por la parte peticionaria y compartido con la

representación legal de dicha parte una serie de correcciones, las cuales habían sido aceptadas, por lo que se estaría presentando la transcripción enmendada. Así las cosas, el 18 de octubre de 2025, la parte peticionaria presentó la versión final de la transcripción de la prueba oral.

Por su parte, en cumplimiento con nuestra directriz, el 4 de noviembre de 2025, Cabrera Martín presentó un *Memorando en Oposición a la Expedición de la Petición de Certiorari*. En la misma, arguyó que las circunstancias fácticas del caso hacían meritorio que la orden de protección concedida tuviera una vigencia de dos (2) años. En ese sentido, sostuvo que demostró que mantuvo una relación consensual con Noriega Robles y que durante y luego de terminada la misma, este cometió actos como amenazas, insultos y agresiones físicas contra su persona, por lo que temía por su seguridad. Por ello, afirmó que el foro recurrido no incurrió en error manifiesto, pasión, perjuicio o parcialidad y solicitó que deneguemos la expedición del auto de certiorari.

Contando con el beneficio de la comparecencia de todas las partes, así como, la transcripción de la prueba oral, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir

o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A su vez, el Tribunal de Apelaciones goza de facultad para revisar, por medio del auto de *certiorari*, las órdenes de protección emitidas por el foro de instancia. Regla 32(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 49, 215 DPR __ (2025).

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### B. Ley Núm. 54-1989

La Exposición de Motivos de la Ley Núm. 54, *supra*, establece que: "[l]a violencia doméstica es un comportamiento antisocial que constituye un serio problema para la familia puertorriqueña. Se trata del maltrato físico y emocional que sufre una persona a manos de su cónyuge o ex-cónyuge, o a manos de una persona con quien sostiene o ha sostenido una relación íntima".

En virtud de la Ley Núm. 54, cualquier persona que haya sido víctima de violencia doméstica podrá radicar una petición en el Tribunal y solicitar una orden de protección, sin que sea necesaria la radicación previa de una denuncia o acusación. 8 LPRA sec. 621. Cuando el tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de violencia doméstica, podrá emitir la orden de protección solicitada. *Pizarro v. Nicot*, 151 DPR 944, 952 (2000).

Cónsono con lo anterior, la referida ley dispone que toda orden de protección debe establecer específicamente las determinaciones del tribunal, los remedios ordenados y el período de vigencia. 8 LPRA

sec. 826. Asimismo, el tribunal tendrá discreción para imponer como condición adicional un punto de distancia circunferencial mínimo de cincuenta (50) metros entre la parte peticionada y la parte peticionaria cuando, a su discreción, ello resulte necesario como estrategia de prevención. *Íd.*

### III.

En su recurso, la parte peticionaria argumenta que incidió el Tribunal de Primera Instancia al emitir una orden de protección, en el caso de que pudiese emitirse, por el término de dos años, pues sostiene que este es excesivo, irrazonable y por consiguiente ilegal. Añade que el foro primario abusó de su discreción al expedir la orden por dicho término aun cuando no realizó determinaciones sobre la distancia entre las residencias o los lugares de trabajo de las partes, sus familiares y amigos o sobre acercamientos previos, actos de amenaza, entre otros. Asimismo, arguye que el foro de instancia cometió error al emitir una orden de protección excesivamente amplia. Por ello, sostiene que debemos revocar, o en la alternativa modificar, la *Orden* de Protección recurrida.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la contención de la parte peticionaria que, erró el TPI al expedir una orden de protección en su contra en las circunstancias fácticas de este caso.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, unido a la transcripción de la prueba oral, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. *Pueblo v. Rivera Santiago, supra*; *SLG Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, 184 DPR 689, 709 (2012). Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

## IV.

Por los fundamentos antes esbozados, se deniega la expedición del auto de certiorari.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones